IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY TRAN BEADLE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MIKE POSTAL,<br><br>　　　　　Defendant. | Civ. No. 17-00049 JMS-KSC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

### **I. INTRODUCTION**

On February 2, 2017, Defendant Mike Postal ("Defendant") removed pro se Plaintiff Anthony Tran Beadle's ("Plaintiff") First Amended Complaint ("FAC"), ECF No. 1-3, which was originally filed in the State of Hawaii District Court of the First Circuit. Notice of Removal, ECF No. 1. Plaintiff's claims arise from an incident where Defendant, an employee at Whole Foods, allegedly refused to allow Plaintiff entry to the store without first placing his service dog on a leash and on the ground. Plaintiff further alleges that Defendant required Plaintiff to disclose medical information documenting his disability and provide proof that his dog is a service animal. FAC at 1. The FAC asserts claims that Defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12181 *et seq.*,[1] and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d *et seq. Id.*

Currently before the court is Defendant's Motion to Dismiss the FAC, with prejudice, on the grounds that Plaintiff failed to allege facts sufficient to state a plausible claim for violation of the ADA and that there is no private cause of action under HIPAA. Based on the following, the court agrees and dismisses the ADA claim with leave to amend, and dismisses the HIPAA claim without leave to amend.

## II. BACKGROUND

**A. Factual Background**

As alleged in the FAC, Plaintiff suffers from post-traumatic stress disorder ("PTSD"), extremely high triglyceride levels, a generalized anxiety disorder, and an unspecified physical condition. FAC at 1. On November 29, 2016,[2] Plaintiff attempted to enter a Whole Foods store, but was barred by Defendant, who required that Plaintiff's service dog "be leashed and on the ground." *Id.* Defendant further required that Plaintiff provide proof that his dog is

---

[1] Although the FAC does not allege violation of a specific provision of the ADA, it is clear that Plaintiff's claim falls under Title III -- Title I concerns employment discrimination and Title II concerns public services. *See* 42 U.S.C. §§ 12112(a) (Title I), 12132 (Title II).

[2] The Complaint, but not the FAC, identifies November 29, 2016, as the date of the underlying incident. *See* Compl., ECF No. 1-2.

a service animal, and documentation regarding both his disability and why he needs to carry his service animal, rather than having it leashed and on the ground. *Id.* Plaintiff alleges that Defendant's conduct violated both the ADA and HIPAA. *Id.* Plaintiff further alleges that as a result of this "traumatic event," he has been unable to study and concentrate, which led to reduced grades, an inability to participate in some normal daily activities, and aggravation of his psychological and physical conditions. *Id.* Plaintiff seeks compensatory damages of $13,000. *Id.*

**B.     Procedural Background**

On December 16, 2016, Plaintiff filed a Complaint in state court. ECF No. 1-2. On January 27, 2017, Plaintiff filed his FAC, specifically alleging violations of federal law. ECF No. 1-3. On February 2, 2017, Defendant timely removed the FAC to this court. ECF No. 1.

On February 10, 2017, Defendant filed the instant Motion to Dismiss for failure to state a claim. ECF No. 5. On March 7, 2017, Defendant filed a Supplemental Citation of Authority in Support of the Motion to Dismiss. ECF No. 9. Plaintiff filed an Opposition on April 3, 2017, that included additional factual allegations, argument, and supporting exhibits. ECF No. 10. On April 10, 2017, Defendant filed a Reply. ECF No. 11. A hearing was held on April 24, 2017.

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

**B.     Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

///

///

5

## IV. **DISCUSSION**

A.  **The FAC Fails to State an ADA Claim**

   1.  *Legal Standards*

   Title III of the ADA prohibits discrimination against an individual "on the basis of disability in . . . any place of public accommodation by any person who owns, leases . . . , or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, a plaintiff must show that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Entm't Enter., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

   Discrimination under Title III of the ADA is defined to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or

accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). The implementing regulation contains specific provisions for service animals and provides that "[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).[3]

Thus, Plaintiff must show that Defendant discriminated against him by refusing to allow him to carry his service dog into Whole Foods to accommodate his disability. *See* 28 C.F.R. § 36.302(c)(7) ("Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, . . . customers, [or] patrons . . . are allowed to go."). This in turn requires Plaintiff to show that his dog is a service animal under the ADA. *See* 28 C.F.R. § 36.104 (defining a "service animal" for purposes of the ADA); *see also Davis v. Ma*, 848 F. Supp. 2d 1105, 1114 (C.D. Cal. 2012) (stating that plaintiff must establish that his puppy met the definition of a service animal under the ADA); *cf. Coffman v. Taqueria Los Gallos*, 2015 WL 3935180, at *4 (D. Nev. June 26, 2015) (finding that plaintiff stated a Title III ADA claim sufficient to avoid dismissal by alleging,

---

[3] Congress directed the Attorney General to issue regulations to implement Title III of the ADA. *See* 42 U.S.C. § 12186(b). 28 C.F.R. § 36.302 addresses "[m]odifications in policies, practices, or procedures." Subsection (c) covers service animals.

in part, that Plaintiff needed his seeing-eye dog to aid him due to his obvious disability).

Remedies available under Title III of the ADA include injunctive and declaratory relief, but not damages. *See* 42 U.S.C. § 12188(a)(1) (providing that remedies for Title III violations are those set forth in 42 U.S.C. § 2000a-3(a) (authorizing civil actions for injunctive relief)); *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) ("Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief.").

## 2. *Application of Legal Standards*

Here, the FAC plausibly alleges the first element -- that Plaintiff is disabled under the ADA.[4] Nevertheless, for the reasons set forth below, the FAC

---

[4] The FAC alleges that Plaintiff suffers from PTSD, a generalized anxiety disorder, extremely high triglyceride levels, and an unspecified physical condition. FAC at 1. Under the ADA, a person is considered disabled if he has: (1) "a physical or mental impairment that substantially limits one or more major life activities;" (2) "a record of such impairment;" or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g). A mental impairment is defined as "any mental or psychological disorder, such as an intellectual disability (formerly termed 'mental retardation'), organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h). Major life activities are defined, in part, to include "learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). PTSD is a recognized mental impairment that substantially limits brain function. *See* 29 C.F.R. § 1630.2(j)(3)(iii); *see also Thomas v. S.F. Hous. Auth.*, 2017 WL 878064, at *8 (N.D. Cal. Mar. 6, 2017) (recognizing that under § 1630.2(j)(3)(iii) PTSD constitutes a plausible disability for purposes of the ADA); *Stuart v. Vilsack*, 2016 WL 6902347, at *6 (E.D. Wash. Nov. 23, 2016) ("[PTSD] is a recognized

fails to state a Title III ADA claim.[5]

First, Plaintiff has not alleged facts sufficient to show that Defendant is subject to Title III -- that he "owns, leases . . . , or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Ninth Circuit has defined the term "to operate" for purposes of Title III of the ADA as "to put or keep in operation," "to control or direct the functioning of," or "to conduct the affairs of; manage." *Lentini v. Cal. Ctr. For the Arts*, 370 F.3d 837, 849 (9th Cir. 2004). Because Title III seeks to limit accountability to "those in a position to ensure nondiscrimination," relevant to a determination of whether a defendant is an operator is "whether the individual had the power to facilitate any necessary accommodation." *Id.* (quotation marks and citations omitted). Thus, *Lentini* found that an employee in a position to make and direct employees to implement policy decisions could be liable under Title III of the ADA. *Id.* But, employees who merely implement company-wide policies cannot be personally liable under Title III of the ADA. *See Butler v. WinCo Foods, LLC*, 2013 WL 12076010, at *3 (C.D. Cal. Mar. 11, 2013) (finding that a store manager who merely implements

---

impairment [under] 29 C.F.R. § 1630.2(j)(3)(iii)."). Thus, by alleging that Plaintiff suffers from PTSD, the FAC plausibly alleges that Plaintiff is disabled under the ADA.

[5] And Plaintiff seeks only damages, but as set forth above, damages are not recoverable under Title III of the ADA. *See Ervine*, 753 F.3d at 867 (citing 42 U.S.C. § 12188(a)). Any amended complaint may not seek damages under Title III. Instead, it may seek injunctive relief.

company-wide policy does not "operate" a place of public accommodation under Title III of the ADA); *see also Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994) (dismissing Title III ADA claim against a defendant physician who lacked power to control hospital policy). Here, Plaintiff does not allege that Defendant "operated" Whole Foods. At best, the FAC alleges that Defendant is merely "an employee of Whole Foods Inc." FAC at 1. And nowhere does the FAC allege whether Defendant had authority to make or alter Whole Foods' policy regarding service animals. This is insufficient to show that Defendant could be individually liable under Title III of the ADA.

Second, the FAC fails to allege facts showing that Plaintiff's dog is a service animal under the ADA, and that carrying Plaintiff's unleashed dog into Whole Foods was necessary to accommodate his disability. *See Davis*, 848 F. Supp. 2d at 1114. The pertinent regulation defines a "service animal" under the ADA as:

> any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. Other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition. The work or tasks performed by a service animal must be directly related to the individual's disability. Examples of work or tasks include, but are not limited to, assisting individuals who are blind or have low vision with

> navigation and other tasks, alerting individuals who are
> deaf or hard of hearing to the presence of people or
> sounds, providing non-violent protection or rescue work,
> pulling a wheelchair, assisting an individual during a
> seizure, alerting individuals to the presence of allergens,
> retrieving items such as medicine or the telephone,
> providing physical support and assistance with balance
> and stability to individuals with mobility disabilities, and
> helping persons with psychiatric and neurological
> disabilities by preventing or interrupting impulsive or
> destructive behaviors. The crime deterrent effects of an
> animal's presence and the provision of emotional
> support, well-being, comfort, or companionship do not
> constitute work or tasks for the purposes of this
> definition.

28 C.F.R. § 35.104.

Here, the FAC alleges no facts to show what specific work or task Plaintiff's dog is trained to perform, let alone how such work or task is necessary to accommodate Plaintiff's disability, and why the service dog could not perform its work or task while leashed and on the ground. In short, the FAC does not allege why a modification of Defendant's requirement that Plaintiff's service dog be leashed and on the ground was reasonably necessary to accommodate Plaintiff's disability.

Based on the foregoing, the court finds that the FAC fails to state a plausible claim upon which this court could grant relief. *See* Rule 12(b)(6); *see also Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Thus, Plaintiff's Title III ADA claim is DISMISSED with leave to amend by May 15, 2017.

**B.      Plaintiff Fails to State a HIPAA Claim**

Plaintiff's claim for violation of HIPAA fails because there is no private right of action to bring such a claim. *See Frazier v. United States*, 2017 WL 1279382, at *2 (Fed. Cir. Apr. 6, 2017) (recognizing that HIPAA "does not create a private right of action"); *see also United States v. Streich*, 560 F.3d 926, (9th Cir. 2009) ("HIPAA does not provide any private right of action."); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) (same). Thus, Plaintiff's HIPAA claim is DISMISSED without leave to amend.

**C.      Leave to Amend**

Because the court cannot conclude that it would be impossible for Plaintiff to allege sufficient facts to state a Title III ADA claim, the court grants Plaintiff leave to amend his FAC by May 15, 2017. More specifically, Plaintiff is granted leave to amend his Title III ADA claim and, as he stated during the hearing, to add a non-HIPAA claim for damages. Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District

Court for the District of Hawaii if he amends his pleading. And the amended complaint must be designated as a "Second Amended Complaint."[6]

An amended complaint generally supersedes prior complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The court will not refer to the original complaint or a prior amended complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are]

---

[6] If Plaintiff chooses to file a second amended complaint, he should be aware that while the regulations prohibit a public accommodation from asking about the "nature or extent of a person's disability," they do allow "two inquiries to determine whether an animal qualifies as a service animal." 28 C.F.R. § 36.302(c)(6). They are (1) whether "the animal is required because of a disability[,] and [(2)] what work or task the animal has been trained to perform." *Id.* But, "a public accommodation may not make these inquiries about a service animal when it is readily apparent that an animal is trained to do work or perform tasks for an individual with a disability (e.g., the dog is observed guiding an individual who is blind or has low vision, pulling a person's wheelchair, or providing assistance with stability or balance to an individual with an observable mobility disability)." *Id.*

voluntarily dismissed [are] . . . waived if not repled."). And Plaintiff may include only one claim per count.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. Plaintiff's HIPAA claim is DISMISSED without leave to amend, and his Title III ADA claim is DISMISSED with leave to amend. Plaintiff may file a second amended complaint, as set forth above, by May 15, 2017. Failure to timely file a second amended complaint will result in dismissal of this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 2, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Beadle v. Postal*, Civ. No. 17-00049 JMS-KSC, Order Granting Defendant's Motion to Dismiss First Amended Complaint with Leave to Amend